**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Cincearae Kelly<br>                Debtor(s) | CHAPTER 13 |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESOR TRUSTEE TO CITIBANK, N.A., AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2005-FF12<br>                Movant<br>vs. | NO. 22-11030 MDC<br><br>11 U.S.C. Section 362 |
| Cincearae Kelly<br>                Debtor(s) | |
| Kenneth E. West<br>                Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$6,076.44,** which breaks down as follows:

   Post-Petition Payments:        May 2022 through August 2022 at $1,209.61/month
   Fees & Costs Relating to Motion: $1,238.00
   **Total Post-Petition Arrears    $6,076.44**

2. The Debtor(s) shall cure said arrearages in the following manner;

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,076.44.**

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,076.44** along with the pre-petition arrears;

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,209.61 (or as adjusted pursuant to the

terms of the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges being assessed after the 15ᵗʰ of the month).

4. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

7. If the case is converted to Chapter 7, the Movant may file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 29, 2022                **/s/ Rebecca A. Solarz, Esquire**
                                     Rebecca A. Solarz, Esquire
                                     Attorney for Movant

Date: 8/3/2022                       /s/ David M. Offen, Esquire
                                     David M. Offen Esq.
                                     Attorney for Debtor(s)

                                     No Objection - Without Prejudice to
                                     Any Trustee Rights or Remedies

Date: August 4, 2022                 /s/ LeeAne O. Huggins
                                     _____
                                     Kenneth E. West, Esq.
                                     Chapter 13 Trustee

Approved by the Court this  5th  day of _____August_____ 2022.  However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge